UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DENISE W. W.[1], | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:23-cv-120 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|        Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Denise W., proceeding *pro se*, on February 7, 2023. For the following reasons, the decision of the Commissioner is **AFFIRMED**.

*Background*

The plaintiff, Denise W., filed an application for Disability Insurance Benefits and Supplemental Security Income on June 8, 2020, alleging a disability onset date of March 1, 2020. (Tr. 9). The Disability Determination Bureau initially denied Denise W.'s claim on October 20, 2020, and again upon reconsideration on April 22, 2021. (Tr. 9). Denise W. subsequently filed a timely request for a hearing on the denial of disability insurance on June 10, 2021. (Tr. 9). A hearing was held via telephone on May 31, 2022, before Administrative Law Judge (ALJ) Edward Kristof. (Tr. 20-50). Vocational Expert (VE) Ms. Jahn testified during the hearing. (Tr. 42-46). On September 27, 2022, the ALJ issued an unfavorable decision finding that Denise W. was not disabled during the relevant period and that she was not entitled to social security disability insurance. (Tr. 9-12). The Appeals Council denied review making the ALJ's

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

decision the final decision of the Commissioner. (Tr. 1-5).

At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Denise W. did not have a 12-month period during which she did not engage in substantial gainful activity. Consequently, the ALJ found that Denise W. had not been under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the decision. (Tr. 12).

## *Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled under the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); **Moore v. Colvin**, 743 F.3d 1118, 1120–21 (7th Cir. 2014); **Bates v. Colvin**, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported his decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." **Richardson v. Perales**, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting **Consol. Edison Co. v. NLRB**, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see* **Bates**, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported his findings with substantial evidence and if there have been no errors of law. **Roddy v. Astrue**, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). Yet "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." **Lopez ex rel. Lopez v. Barnhart**, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A). "**Further, a claimant must show that the disability arose while he or she was insured for benefits." *Liskowitz v. Astrue*, 559 F.3d 736, 740 (7th Cir. 2009).

The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. §§ 404.1520, 416.920.** At the first step, the ALJ considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. §§ 404.1520(b), 416.920(b).** If she is, the claimant is not disabled, and the evaluation process is over. *See id.* ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience."). The ALJ's step one finding is the only step at issue.

Denise W. has requested that the court remand this matter for additional proceedings. In her appeal, Denise W. contends that the ALJ mistook worker's compensation payments which she received in 2008 after a fall at work as evidence that she performed substantial gainful activity resulting in a flawed step one analysis. According to Denise W., the Gary Community School Corporation records indicating that she worked in 2008 were incorrect.

To reiterate, at step one a claimant is found not disabled if she is "doing substantial gainful activity." **20 C.F.R. § 404.1520(a)(4)(i)**. To establish disability, the inability to perform substantial gainful activity must last, or be expected to last, at least 12 consecutive months. **20**

**C.F.R. §404.1505(a)**. Indeed, "a person who is engaging in [substantial gainful activity] is not eligible for payment of disability benefits." **SSR 83-33**, 1983 WL 31255, at *1 (Jan. 1, 1983). Substantial gainful activity is determined by examination of a claimant's earnings record. *Id.* Earnings that constitute substantial gainful activity change from year-to-year and are published by the agency.

Here, the ALJ found that Denise W. did not have a continuous 12-month period in which she did not engage in substantial gainful activity. The ALJ noted that Denise W. had three quarters during 2020 that she did not engage in substantial gainful activity. Yet Denise W. testified that her reduction in earnings was due to school closures during the COVID-19 pandemic and not her alleged impairments. (Tr. 41). Denise W.'s work history report further revealed that she had worked in the Gary school district from 1999 to "present." (Tr. 311). In fact, Denise W. testified that, although she received worker's compensation in 2008 after a fall, she returned to work for the school district as a teacher's aide until after the date of her hearing. (Tr. 32-33). Thus, the record supports the ALJ's step one finding that Denise W. was engaging in substantial gainful activity and was not eligible for payment of disability benefits.

*Conclusion*

Based on the foregoing reasons, the decision of the Commissioner is **AFFIRMED**.

ENTERED this 16th day of April, 2024.

/s/ Andrew P. Rodovich
United States Magistrate Judge